## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. CARTER, | ) |
| Plaintiff, | ) |
| v. | ) 2:05-CV-1040-RRA |
| ALABAMA DEPT. OF CORRECTIONS et. al., | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION

Charles E. Carter, an inmate at Fountain Correctional Facility, has filed a *pro se* civil action pursuant to 42 U.S.C. § 1983 in which he complains that the Alabama Department of Corrections, Warden James Renyolds and Dr. Barnes have been deliberately indifferent to his serious medical needs. For relief, he requests that this court "check into" the medical services provided at all Alabama state correctional facilities, and personally award him monetary damages for his pain and suffering. Since plaintiff's complaint involves civil rights claims, venue is not proper in the Northern District of Alabama. Proper venue for the civil rights action mentioned is governed by 28 U.S.C. §1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff is housed at Fountain Correctional Facility in Elmore, Alabama. Further, Warden James Renyolds and Dr. Barnes are located in Elmore, Alabama. The Alabama Department of Corrections, as an entity, is headquartered in Montgomery, Montgomery County, Alabama, which

is within the purview of the United States District Court for the Middle District of Alabama. However, all actions giving rise to the complaint occurred at the Alabama Department of Corrections' facility in Elmore, Escambia County, Alabama. Escambia County is within the purview of the United States District Court for the Southern District of Alabama. Therefore, because all defendants may be located in the Southern District, and the incidents giving rise to the plaintiff's complaints occurred in that district, the United States District Court for the Southern District of Alabama provides the proper venue for the plaintiff's civil rights action. 28 U.S.C. §1391(b).

For the above reasons, transfer of the plaintiff's civil rights action to the Southern District of Alabama would result in a more convenient and efficient resolution of the issues presented by the plaintiff. 28 U.S.C. §1404(a). Therefore, this action is due to be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. §1404(a).[1]

An appropriate Order shall be entered.

The Clerk is DIRECTED to serve a copy of this Memorandum of Opinion on the plaintiff.

DONE this 6th day of June, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed an application to proceed *in forma pauperis* along with his complaint. However, in light of the April 1996 revisions to 28 U.S.C. §1915 and under the circumstances of this case, this court makes no determination with respect to said application. The assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.